## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **07-80183**

**CIV - HURLEY** ₚHOPKINS

ANTHONY BUSH and THOMAS
STRACHAN, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

QUALITY MOVING AND STORAGE, a Florida
corporation and STEPHEN E. COSTA,

      Defendants.

_____ /

FILED by _____ D.C.
INTAKE

FEB 26 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

Plaintiffs brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," on behalf of themselves and other similarly situated employees, to recover unpaid back wages, unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

1.  Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

2.  Defendant QUALITY MOVING AND STORAGE ("QUALITY") at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business in Palm Beach County, Florida, where it has been engaged in the moving and storage business.

3.  Defendant STEPHEN E. COSTA is a resident of Palm Beach County, Florida.

4.  At all times hereinafter mentioned, Defendant QUALITY having been engaged

in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, or otherwise working on goods or materials that have been moved in or produced for commerce; or using instrumentalities of commerce and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

5.  At all times hereinafter mentioned, Defendant QUALITY employed employees, including Plaintiffs who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce.  Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

## COUNT I

6.  Plaintiff repeats the allegations of paragraphs 1 through 5.

7.  During the period from approximately October 3, 2003 to July 2006, Defendant QUALITY employed Plaintiff BUSH, and others, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate them for their employment in excess of 40 hours per week at a rate of at least one-half(½) and/or one and one-half(1½) times the regular rate at which they were employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay them the applicable minimum hourly rate contrary

to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

8. As a result of the underpayments of wages alleged above, Defendant QUALITY is indebted to Plaintiff BUSH and others for unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff BUSH, the compensation he received in workweeks in which excess hours were worked, and the basis upon which his wages were calculated are in the exclusive possession and under the sole custody and control of the Defendant QUALITY.

9. As a result of the underpayment of wages alleged above, Plaintiff BUSH estimates that Defendant QUALITY is indebted to Plaintiff in the minimum amount of $8,668.80, which amount Defendant QUALITY has refused to pay. This is only an estimate of the wages owed to Plaintiff BUSH. Upon receipt of discovery from Defendant, Plaintiff will calculate the actual total damages due.

10. Pursuant to Section 16(b) of the Act, Plaintiff BUSH is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant QUALITY for a minimum estimate of $8,668.80, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT II
## (BUSH v. STEPHEN E. COSTA)

11. Plaintiff repeats the allegations of paragraphs 1 through 10.

12. Defendant STEPHEN E. COSTA is an officer of the corporation, actively participated in the business and exercised control over the functions of the employees.

13. As a result of the underpayment of wages alleged above, Plaintiff BUSH

calculates that Defendant STEPHEN E. COSTA is indebted to Plaintiff in the total amount of $8,668.80, which amount Defendant STEPHEN E. COSTA has refused to pay.

14.   Pursuant to Section 16(b) of the Act, Plaintiff BUSH is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant STEPHEN E. COSTA for a minimum estimate of $8,668.80, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT III

15.   Plaintiff repeats the allegations of paragraphs 1 through 14.

16.   During the period from approximately October 2004 to July 2006, Defendant QUALITY employed Plaintiff STRACHAN, and others, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate them for their employment in excess of 40 hours per week at a rate of at least one-half($\frac{1}{2}$) and/or one and one-half($1\frac{1}{2}$) times the regular rate at which they were employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay them the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

17.   As a result of the underpayments of wages alleged above, Defendant QUALITY is indebted to Plaintiff STRACHAN and others for unpaid minimum wages and overtime compensation and back pay.   The complete records concerning the number of hours worked by Plaintiff STRACHAN, the compensation he received in workweeks in which excess hours were worked, and the basis upon which his wages were calculated are in the

Page 4 of  6

exclusive possession and under the sole custody and control of the Defendant QUALITY.

18.  As a result of the underpayment of wages alleged above, Plaintiff STRACHAN estimates that Defendant QUALITY is indebted to Plaintiff in the minimum amount of $7,480.00, which amount Defendant QUALITY has refused to pay.  This is only an estimate of the wages owed to Plaintiff STRACHAN.  Upon receipt of discovery from Defendant, Plaintiff will calculate the actual total damages due.

19.  Pursuant to Section 16(b) of the Act, Plaintiff STRACHAN is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant QUALITY for a minimum estimate of $7,480.00, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues

## COUNT IV
## (STRACHAN v. STEPHEN E. COSTA)

20.  Plaintiff repeats the allegations of paragraphs 1 through 19.

21.  Defendant STEPHEN E. COSTA is an officer of the corporation, actively participated in the business and exercised control over the functions of the employees.

22.  As a result of the underpayment of wages alleged above, Plaintiff STRACHAN calculates that Defendant STEPHEN E. COSTA is indebted to Plaintiff in the total amount of $7,480.00, which amount Defendant STEPHEN E. COSTA has refused to pay.

23.  Pursuant to Section 16(b) of the Act, Plaintiff STRACHAN is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant STEPHEN E. COSTA for a minimum estimate of $7,480.00, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

Dated: February 25, 2007
      Palm Springs, FL

Respectfully submitted,

Joseph Bilotta, Esquire (Fla. Bar #0881414)
Joeb@vassallobilottal.com
Vassallo & Bilotta, P.A.
1630 South Congress Avenue
Suite 201
Palm Springs, FL  33461
Telephone: (561) 432-1994
Facsimile: (561) 432-1117
Attorney for Plaintiffs

I, ANTHONY BUSH, consent to being named as a plaintiff in this action.

ANTHONY BUSH

I, THOMAS STRACHAN, consent to being named as a plaintiff in this action.

THOMAS STRACHAN

Page 6 of 6

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

07 - 80183

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTHONY BUSH and THOMAS STRACHAN, on behalf of themselves and all others similarly situated

**DEFENDANTS** CIV - HURLEY

QUALITY MOVING AND STORAGE, a Florida corporation and STEPHEN E. COSTA,

HOPKINS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER;
Joseph Bilotta, Esq., Vassallo & Bilotta, P.A.
1630 S. Congress Ave., #201, Palm Springs, FL 33461
(561) 432-1994

ATTORNEYS (IF KNOWN)

9. 07cv 80183 DTKH /JMH

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by ___ D.C.
FEB 26 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 362 Personal Injury - Med Malpractice | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending |  |  | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage |  |  |  |
| **A CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability |  |  |  |
| ☐ 441 Voting | **PRISONER PETITIONS** |  |  |  |
| ☐ 442 Employment | B☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 443 Housing Accommodations | **HABEAS CORPUS:** |  |  |  |
| ☐ 444 Welfare | B☐ 530 General |  |  |  |
| ☐ 440 Other Civil Rights | A☐ 535 Death Penalty |  |  |  |
|  | B☐ 540 Mandamus & Other |  |  |  |
|  | B☐ 550 Civil Rights |  |  |  |
|  | B☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.)

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY    JUDGE _____    DOCKET NUMBER _____

DATE
2-23-07

SIGNATURE OF ATTORNEY OF RECORD
Joseph Bilotta, Esquire    Josh Bilott   Florida Bar # 0881414

FOR OFFICE USE ONLY
RECEIPT # 539479    AMOUNT 350.00    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____